Lynn Macy "In Pro Per"
P.O. Box #103
Twin Peaks, Ca. 92391
Telephone: (909) 744-8480
Email: macybuilders@yahoo.com
PLAINTIFF IN PRO PER

RELATED DDJ

FILED
CLERK, U.S. DISTRICT COURT
04/29/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: _____AP_____ DEPUTY

THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA EASTERN DIVISION
COMPLAINT

| | |
|---|---|
| Lynn Macy, as an individual,<br><br>PLAINTIFF,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO PUBLIC WORKS SOLID WASTE MANAGEMENT, a public entity.<br><br>DEFENDANTS. | Case No.: 5:24-cv-00913-KK(DTB)<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL FOR:<br>**(1)** Trespass.<br>**(2)** Municipal and Supervisorial Liability (42 U.S.C. § 1983).<br>**(3)** Intentional Infliction of Emotional Distress.<br>**(4)** Environmental Hazard<br>**(5)** Invasion of Privacy<br>**(6)** Extortion<br>**(7)** Failure to do Public Record's Requests. |

**DEMAND FOR JURY TRIAL**

PLAINTIFF LYNN MACY, through their undersigned counsel, hereby files this Complaint against Defendants County of San Bernardino Public Works Solid Waste Management Division, inclusive (collectively "Defendants"), alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3-4) because Plaintiff assert claims arising under the laws of the United States including 42 U.S.C. §§ 1983 & 1985, the Fourth & Fourteenth Amendments of the United States Constitution. This court has supplemental jurisdiction over state law claims pursuant to 28 USC § 1367 because those claims are so related to PLAINTIFF'S federal claims that the

PAGE 1 OF 16

1. claims form part of the same case and/or controversy pursuant to Article III of the United States Constitution.
2. Venue is properly founded in this judicial district pursuant to 28 USC §§ 1391(b) and (c) in that a substantial part of the events giving rise to the claims in this action occurred within this District and Defendants are subject to personal jurisdiction in this district.

## PARTIES

3. PLAINTIFF LYNN MACY, is a citizen of the State of California, and at all relevant times herein was a resident in San Bernardino County in the State of California.
4. Defendant County of San Bernardino Public Works Solid Waste Management Division is and at all times relevant a public entity located in the County of San Bernardino and existing under the laws of the State of California.

## FACTS COMMON TO ALL CAUSES OF ACTION

5. Each and every allegation set forth in each and every averment and allegation of this pleading hereby is incorporated by this reference in each and every averment and allegation of this pleading.
6. I am informed and believe that Defendants County of San Bernardino Public Works Solid Waste Management Division have not provided any of my public records requests.
7. There's an important legal principle that says "ignorance of the law is no excuse." You can't defend your actions by arguing you didn't know they were illegal, even if you honestly did not realize you were breaking the law.

## FIRST CAUSE OF ACTION

### Trespassing

**(By Plaintiff Against County of San Bernardino Public Works Solid Waste Management Division)**

8. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 7, inclusive.

9. Defendants violated the law and interfered with Plaintiff's civil rights because Defendants County of San Bernardino Public Works Solid Waste Management Division (SWMD) allowed Burrtec trucks to travel, trespass, and drive up Augusta Way, a private road without owners consent. Weight damage has been caused to Augusta Way, a private road due to these heavy, environmental hazardous, unsafe pollution, unregulated, Burrtec trucks being allowed from Defendants.

## SECOND CAUSE OF ACTION

### Municipal and Supervisory Liability (42. U.S.C. § 1983)

**(By Plaintiff Against County of San Bernardino Public Works Solid Waste Management Division)**

10. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 9, inclusive.

11. On and for some time prior to 2021(and continuing to the present date) Defendants County of San Bernardino Public Works Solid Waste Management Division deprived Plaintiff Lynn Macy of the rights and liberties secured to them by the 4th and 14th Amendments to the United States Constitution, in that said Defendants and their supervising and managerial employees, agents, and representatives acting with gross negligence and with reckless and deliberate indifference to the safety,

rights, and liberties of the public in general and of Plaintiff Lynn Macy, and of persons in their class, situation and comparable position, in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

(a) Employing and retaining as county officials and other personnel, including County of San Bernardino Public Works Solid Waste Management Division at all times material herein knew or reasonably should have known had propensities for abusing their authority and for mistreating citizens by failing to follow their County Policies;

(b) Inadequately supervising, training, controlling, assigning and disciplining County of San Bernardino Public Works Solid Waste Management Division and other personnel, each knew or in the exercise of reasonable care should have known the aforementioned propensities and character traits;

(c) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, controlling and disciplining the intentional conduct by County of San Bernardino Public Works Solid Waste Management Division and other personnel.

(d) Failing to adequately train Defendants County of San Bernardino Public Works Solid Waste Management Division and failing to institute appropriate policies regarding constitutional procedures and practices;

(e) Having and maintaining an unconstitutional policy, customs, procedures of using excessive trespassing which is also demonstrated by inadequate training regarding these subjects.

12. Defendants County of San Bernardino Public Works Solid Waste Management Division had either actual or constructive knowledge of the deficient policies, practices, and customs alleged in the paragraphs above. Despite having knowledge as stated above these Defendants condone, tolerated, and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff Lynn Macy and other individuals similarly situated.

13. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and wrongful acts, Defendants County of San Bernardino Public Works Solid Waste Management Division acted with intentional, reckless, and callous disregard for the safety and constitutional rights of Plaintiff Lynn Macy. Defendants County of San Bernardino Public Works Solid Waste Management Division actions were willful, wanton, oppressive, malicious, fraudulent, extremely offensive, and unconscionable to any reasonable person of normal sensibilities.

14. By reason of the aforementioned policies and practices of Defendants County of San Bernardino Public Works Solid Waste Management Division acted with intentional, reckless and callous disregard for the safety and constitutional rights of Plaintiff Lynn Macy. Defendants County of San Bernardino Public Works Solid Waste Management Division caused Plaintiff Lynn Macy incurred damages in the form of psychological and emotional injuries, including, without limitation, pain and suffering, sleep deprivation, humiliation, all of which are continuing and damaging to reputation. Plaintiff's actual damages will be ascertained at trial.

15. The policies, practices, and customs implemented and maintained and still tolerated by Defendants County of San Bernardino Public Works Solid Waste Management Division acted with intentional, reckless and callous disregard for the safety and constitutional rights of Lynn Macy. Defendants County of San Bernardino Public Works Solid Waste Management Division were affirmatively linked to and were significantly influential forces of Plaintiff Lynn Macy.

### THIRD CAUSE OF ACTION

**Intentional Infliction of Emotional Distress**

**(By Plaintiff Against County of San Bernardino Public Works Solid Waste Management Division)**

16. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 15, inclusive.

17. Plaintiff are informed and believe and thereon alleges that Defendants' actions described in this Complaint were intentional, extreme, and outrageous. Defendants allow unsafe pollution, environmental hazardous, unregulated, heavy Burrtec trucks to trespass and drive up private road Augusta Way, causing weight damage, which caused Plaintiff a great deal of emotional distress.

18. Plaintiff are further informed and believe and hereon alleges that such actions were done with intent to cause serious emotional distress and were done with reckless disregard of the probability of causing Plaintiff serious emotional distress.

19. As a proximate result of the Defendants actions Plaintiff Lynn Macy incurred damages in the form of psychological and emotional injuries, including, without limitation, pain and suffering, sleep deprivation,

humiliation, all of which are continuing and damaging to reputation. Plaintiff's actual damages will be ascertained at trial.

20. The conduct of the Defendants was despicable, malicious, wanton, oppressive and accomplished with a conscious disregard for Plaintiff Lynn Macy's rights, entitling Plaintiff Lynn Macy to an award of exemplary and punitive damages. Defendants only goal against Plaintiff were for monetary gain.

## FOURTH CAUSE OF ACTION

### Environmental Hazard

### (By Plaintiff Against County of San Bernardino Public Works Solid Waste Management Division)

21. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 20, inclusive.

22. Burrtec causes environmental hazards most local citizens do not want pollution. Most people move up to the mountain to avoid city pollution, $CO_2$ Carbon monoxide poisoning, unclean, smog (a cloud made heavier and darker by smoke and chemical fumes. Smog is also a photochemical cloud caused by the action of solar ultraviolet radiation on atmosphere polluted with hydrocarbons and oxides of nitrogen especially from automobile exhaust) filled air. **County of San Bernardino Public Works Solid Waste Management Division has allowed Burrtec to cause Environmental Hazards** by polluting our mountain air. You can factually die by carbon monoxide poisoning. Accord to Eddie Munguia, "Southern California leads the nation in air pollution deaths. Unfortunately, a recent study paints a picture of just how bad the smog really is. Researchers have found that more than a thousand people are actually dying each year as

a result of Southern California's infamously bad air quality. Pollution levels constantly exceed what's considered safe by health professionals. Nationally, air pollution related deaths were estimated to be at around 9,320 per year, a number large enough to account for the annual amount of deaths caused by drunk driving.

23. Burrtec trucks disturb our peace and create a lot of noise. We always know when it's trash pickup day because you can hear the garbage truck down the block – from inside your house! Garbage trucks range from 85 to 100 decibels as they're compacting trash. Even for the workers who work with garbage trucks, hearing protection is highly recommended. In terms of occupational hearing hazards, exposure to sounds at 85 decibels for more than 8 hours a day could seriously damage your hearing.

24. We're demanding that County of San Bernardino Public Works Solid Waste Management Division and Burrtec disclose the weight of Burrtec trucks with and without trash. We want to know all of the dump scale readings Burrtec has been using to damage our roads. Burrtec nor County of San Bernardino Public Works Solid Waste Management Division have offered any compensation for the roads their trucks have damaged. We are demanding County and/or Burrtec repair our private road that Burrtec trucks have damaged over the years. The dogs start barking when the trucks start squeaking. The garbage trucks' grinding, squeaking, booming, jet engine-level noise is inescapably loud from the moment they turn onto Plaintiffs private road street to the moment they turn onto the next.

25. Burrtec is a money grab (an undignified or unprincipled acquisition of a large sum of money with little effort) with no regards for people's individual rights. Burrtec gets paid even when it snows and they can't pick

up trash. Burrtec has big, heavy, noisy, and loud trucks that crush the roads they drive on, cracking the black top, pollute the air, and disturb the peace. Lumbering through neighborhoods, stopping and starting, turning and backing. Burrtec's garbage trucks stress the pavement more than 9,300 times as much as an SUV does, according to The Press Democrat. Santa Rosa City Councilman of California Gary Wysocky said, "In general, it's acknowledged that garbage trucks beat the crap out of streets. They [streets] get the most wear and tear from garbage trucks." Engineering analysis cited by the Bay Area Metropolitan Transportation Commission of California John Goodwin, an MTC (Metropolitan Transportation Commission of California) spokesman said, "Garbage trucks put more strain on a street than just about anything else, including a fully loaded transit bus, a semi-truck hauling a single trailer, or a UPS delivery truck." According to Titan Recycle and Trash, "An average large garbage truck weighs about 64,000 pounds or 32 tons. Smaller garbage trucks weigh about 20 tons, making even the smaller garbage trucks wear on the quality of the roads their routes follow. Commercial garbage trucks are very heavy machines that pick up, store, and dump garbage that they are made to carry."

26. The **California Air Resources Board** (800) 242-4450 (CARB is the lead agency for climate change programs and oversees all air pollution control efforts in California to attain and maintain health-based air quality standards.) **fined** Burrtec Waste Industries, Inc. <u>**$307,200**</u> in November for **emissions violations** during 2005 and 2006. An ARB investigation showed **Burrtec Waste Industries, Inc**. located in Fontana, Calif., failed to properly inspect their diesel vehicles. The company also **failed to comply** with the

solid waste collection vehicle rule by neglecting to retrofit (an act of adding a component or accessory to something that did not have it when manufactured.) some of their diesel vehicles with the required emission-reduction devices. Diesel exhaust contains a variety of harmful gases and over 40 other known cancer-causing substances. In 1998, California identified diesel exhaust as a toxic air contaminant (a polluting or poisonous substance that makes something impure.) based on its potential to cause cancer, premature death and other health problems. New research links vehicle exhaust and lung cancer mortality (the state of being subject to death.) in trucking industry workers exposed to diesel and other types of vehicle emissions with increasing years of work.

27. The **California Air Resources Board (CARB)** reached a settlement agreement with one of the largest, privately held, solid waste companies in California, Burrtec Waste Industries Inc. and its sister company EDCO Disposal Corp., for **$305,000** for **violations** of CARB's Truck and Bus Regulation. (**https://ww2.arb.ca.gov/news/san-bernardino-county-waste-hauler-fined-307200-emissions-violations**)

28. In 2021, a **CARB investigation** revealed that EDCO and Burrtec were in **violation** of the Truck and Bus Regulation as codified in California Code of Regulations, title 13, section 2025. CARB's Enforcement Division documented that Burrtec and EDCO had **failed to meet** the applicable regulation requirements for multiple heavy-duty diesel vehicles in their fleet, and as a result paid fines in the amounts of **$67,500** and **$12,500**, respectively, to settle the case. (**https://ww2.arb.ca.gov/news/carb-settles-major-california-solid-waste-company-305000-over-air-quality-regulation**)

29. Burrtec Waste Industries, Inc. and its Affiliates Settle For **$67,500**

    In December 2022, the **California Air Resources Board (CARB)** reached a settlement with Burrtec Waste Industries, Inc. and its Affiliates (Burrtec), with its principal location in Fontana, California, for the company's **violation** of CARB's **air quality regulations**. An investigation conducted by CARB staff showed that **Burrtec failed** to meet the applicable Truck and Bus (TB) Regulation requirements for multiple heavy-duty diesel vehicles in their fleet. CARB documented **violations** as they related to the TB Regulation (Cal. Code Regs., tit. 13, § 2025).

    To settle the case, Burrtec agreed to the penalty of **$1,250** per **violation** for a total of **$67,500**. The **$67,500** will go to CARB's Air Pollution Control Fund, which provides funding for projects and research to improve California's air quality.

    Burrtec has elected to utilize the low-use vehicle exemption (Cal. Code Regs., tit. 13, § 2025(p)(4)); credit provision (Cal. Code Regs., tit. 13, § 2025(j)); and phase-in option (Cal. Code Regs., tit. 13, § 2025(i)) in the TB Regulation to come into compliance. (See also, EDCO Disposal Corporation separate Case Summary entry and link to Settlement Agreement below.)

    (**https://ww2.arb.ca.gov/burrtec-waste-industries-inc-settlement-2022**)

### FIFTH CAUSE OF ACTION

**Invasion of Privacy**

**(By Plaintiff Against County of San Bernardino Public Works Solid Waste Management Division)**

30. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 29, inclusive.

31. **Electronic right to privacy, California Government Code section 11015.5. (b)**

    A state agency shall not **distribute or sell any electronically collected personal information about users to any third party without prior written permission from the user,** except as required to investigate possible violations of Section 502 of the Penal Code or as authorized under the Information Practices Act of 1977 (Title 1.8 (commencing with Section 1798) of Part 4 of Division 3 of the Civil Code). Nothing in this subdivision shall be construed to prohibit a state agency from distributing electronically collected personal information to another state agency or to a public law enforcement organization in any case where the security of a network operated by a state agency and exposed directly to the internet has been, or is suspected of having been, breached.

32. **California Government Code section 11015.5. (d)**

    For purposes of this section:

    (1) **"Electronically collected personal information"** means any information that is maintained by an agency that identifies or describes an individual user, including, but **not limited to, the user's name, social security number, physical description, home address, home telephone number, education, financial matters, medical or employment history, password, electronic mail address**, and information that reveals any network location or identity, but excludes any information manually submitted to a state

agency by a user, whether electronically or in written form, and information on or relating to individuals who are users serving in a business capacity, including, but not limited to, business owners, officers, or principals of that business.

33. The Privacy Act of 1974, as amended, 5 U.S.C. § 552a

    (b) CONDITIONS OF DISCLOSURE.—**No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be.**

    ← *County of San Bernardino Public Works Solid Waste Management Division cannot put the address in a public record in regards to these cases without prior written consent.* ***County of San Bernardino Public Works Solid Waste Management Division has volunteered to collect people's private information to enrich Burrtec a privately held solid waste company.*** *We believe someone has been bribed. Why would County of San Bernardino Public Works Solid Waste Management Division want to spend a lot of effort to give private information to a private public company? County of San Bernardino Public Works Solid Waste Management Division* ***cannot disclose private information to Burrtec without a written approval or any other third party****.*

34. The **Fourth Amendment** to the United States Constitution, made applicable to the states through the due process clause of the Fourteenth Amendment, Mapp v. Ohio, 367 U.S. 643, *rehearing denied,* 368 U.S. 871 (1961**), guarantees to all persons the <u>right of privacy</u> free from unreasonable state intrusion**. In addition, s. 12, Art. I, State Const., provides protection from unreasonable searches and seizures:
   **"The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, and against the unreasonable interception of private communications by any means, shall not be violated. No warrant shall be issued except upon probable cause, supported by affidavit, particularly describing the place or places to be searched, the person or persons, thing or things to be seized, the communication to be intercepted, and the nature of evidence to be obtained.** This right shall be construed in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court. . . ."
   **Administrative searches or inspections such as those under consideration in the instant inquiry, which are conducted outside the judicial process without consent and without prior approval (as evidenced by an administrative search warrant) are not reasonable**, unless a showing can be made that the administrative search or inspection falls within one of the well-established exceptions to this rule. *See, e.g.,* See v. City of Seattle, 387 U.S. 541 (1967); United States v. Sokolow, 450 F.2d 324 (5th Cir. 1971); Benton v. State, 329 So.2d 385 (1 D.C.A. Fla., 1976); Parsons v. State, 334 So.2d 308 (1 D.C.A. Fla., 1976); and AGO 82-7. *Cf.* Colonnade Catering Corp. v. United States, 397 U.S. 72 (1970), and Michigan v. Tyler, 436 U.S. 499 (1978).
   Both business or commercial premises and **private residences are afforded protection from unreasonable searches by s. 12, Art. I, State Const., and the Fourth Amendment to the U.S. Constitution.** *See* See v. City of Seattle, supra, in which the U.S. Supreme Court held that administrative inspections of commercial structures as well as private residences are forbidden by the Fourth Amendment when conducted without a warrant; and Jones v. City of Longwood, Florida, 404 So.2d 1083 (5 D.C.A. Fla., 1981), in which the court, in a wrongful death action, stated that an ordinance requiring the building inspector and fire chief to periodically inspect all buildings and structures within the city was qualified by the Fourth Amendment and could not authorize inspection of private property without a warrant.
   A **municipal code inspector is without authority** to enter onto any **private**, commercial, or **residential** property to assure compliance with or to enforce the various technical codes of the municipality or to conduct any

administrative inspections or searches without the consent of the owner or the operator or occupant of such premises or **without a duly issued search or administrative inspection warrant**. The procurement and issuance of administrative inspection warrants is governed by the provisions of ss. 933.20-933.30, F.S. However, owner-occupied family residences are exempt from the provisions of ss. 933.20-933.30, F.S., and as to those **residences a search warrant or the prior consent and <u>approval of the owner is required.</u>**

SIXTH CAUSE OF ACTION

Extortion

**(By Plaintiff Against County of San Bernardino Public Works Solid Waste Management Division)**

35. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 34, inclusive.

36. Defendants San Bernardino Public Works Solid Waste Management Division allowed Legalized Extortion Service of Burrtec. Burrtec is the only private utility company that charges you 3 months in advance. (Edison, Crestline Lake Arrowhead Water Agency, SoCal gas, Charter Communications do not do this.)

<u>SEVENTH CAUSE OF ACTION</u>

**Failure to do Public Record's Requests**

**(By Plaintiff Against County of San Bernardino Public Works Solid Waste Management Division)**

37. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 36, inclusive.

38. Defendants failed to fulfill public records requests from Plaintiff for what regulations Defendants have and who made the regulations; for Defendants to not follow the laws.

39. California Public Records Act Information (CPRA) The Act provides for two types of access. One is a right to inspect public records: "Public records are open to inspection at all times during the office hours of the state or local agency and every person has a right to inspect any public record, except as hereafter provided."

**WHEREFORE,** Plaintiff's pray judgment against Defendants as follows:

1. For compensatory damages in an amount to be proven at trial:
2. For treble damages pursuant to the Bane Act;
3. For punitive damages on those claims where it is available pursuant to law in an amount sufficient to punish, deter and make an example of the Defendants;
4. For interest on those claims where it is available under law;
5. For cost of suit; and
6. For such other and further relief as this Court may deem to be just and proper.